IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SERGIO REYES-LOPEZ,**
**No. Y-19963,**

**Petitioner,**

vs.                                        Case No. 17-cv-849-DRH

**JEFF DENNISON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a state prisoner who is currently incarcerated in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed without prejudice.

## The Petition

Petitioner states that he pled guilty to two offenses in October 2015 (unlawful restraint, and aggravated battery to a police officer). (Doc. 1, p. 1). He

1

was sentenced to 3 years on each conviction, with the sentences to be served concurrently. Petitioner was eligible for day-for-day good time credits, so he expected to be released on mandatory supervised release (MSR, also referred to as parole) after serving 18 months in prison. His MSR term was to be 2 years.

Petitioner asserts that he has served the full 18 months and should now be released to serve his period of MSR. He was incarcerated on October 26, 2015, and became eligible for MSR on April 26, 2017. However, Respondent continues to hold him in custody, which Petitioner claims has illegally turned his MSR period into a prison sentence. (Doc. 1, p. 1). He further claims that he was "punished" by IDOC staff when he refused to sign papers that required him to voluntarily violate his MSR terms so that the IDOC could impose the "illegal prison sentence" under which he is now held. (Doc. 1, pp. 2, 4, 9-10).[1]

Petitioner states that he is a citizen of Mexico who does not have legal status to be present in the United States, thus he faces deportation upon his release from the custody of the Illinois Department of Corrections. (Doc. 1, pp. 2, 3). He has no legal address to which he could be released on MSR. (Doc. 1, p. 4).

Petitioner requests to be immediately released to the custody of federal authorities so that he may be deported to Mexico, where he vows he will remain and will never enter the U.S. again. (Doc. 1, p. 5).

Petitioner adds that he does not speak English and requests an interpreter to translate his testimony at any hearing. (Doc. 1, p. 2).

---

[1] The documentation attached to the Petition reveal that Petitioner lost 1 month of good conduct credits and was given a disciplinary transfer for disobeying an order to sign paperwork. (Doc. 1, p. 9).

**Discussion**

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Here, the habeas Petition does not reveal any attempts by Petitioner to bring his claim in state court before he filed this case. Further, Petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter. He must pursue relief in the Illinois courts before he

3

may maintain a habeas action in federal court. Plaintiff may be able to file an action under the Illinois habeas corpus statute, 735 ILL. COMP. STAT. 5/10-101 *et seq.*, or may file a mandamus action. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

Until Petitioner brings his claim for release in state court and completes the state appellate review process, his claim remains unexhausted, and a federal habeas corpus action under § 2254 is premature. Accordingly, this action shall be dismissed.

## Disposition

For the reasons stated above, the instant habeas petition is **DISMISSED** without prejudice. If necessary, Petitioner may re-file the claim raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1).

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the

outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

In a case where a state prisoner is challenging his conviction or sentence, a certificate of appealability is required before he may pursue an appeal. However, a certificate of appealability is not necessary where a state prisoner uses § 2254 to challenge continued detention that has resulted from the revocation of good conduct credits, or the refusal to authorize mandatory supervised release. *See Walker v. O'Brien*, 216 F.3d 626, 637-39 (7th Cir. 2000) (certificate requirement does not apply to a challenge to "the specific (additional) detention" that results from the action of a non-judicial body such as a prison disciplinary committee or parole board); *see also Grandberry v. Keever*, 735 F.3d 616 (7th Cir. 2013) (declining to overrule *Walker*'s holding that no certificate of appealability is needed for a state prisoner challenging the loss of good time credits); *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009).

Here, Petitioner is not attacking his conviction or his 3-year sentence. Instead, he takes issue with prison officials' refusal to release him after he served the portion of his sentence that would entitle him to begin mandatory supervised

release when the day-for-day good time rule is applied. Under the authority above, Petitioner does not need to secure a certificate of appealability in the event he chooses to appeal this order.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 5th day of September, 2017.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.05 13:30:43 -05'00'

**United States District Judge**